JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

John Snowman

**DEFENDANTS**

IMCO Recycling, Inc.

RECEIVED
APR - 4 2003
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

David K. Watsky, Sonja J. McGill
Gillespie, Rozen & Watsky
3402 Oak Grove Ave, Suite 200
Dallas, Texas 75204  (214) 720-2009

**ATTORNEYS (IF KNOWN)**

3 03 CV - 690 D

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

USERRA 38 U.S.C § 4301, et. seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** Unliquidated

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: April 4, 2003

SIGNATURE OF ATTORNEY OF RECORD: /s/ Sonja J. McGill

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN SNOWMAN, | § § § | |
| Plaintiff, | § § | |
| vs. | § § § | Civil No. _____ |
| IMCO RECYCLING, INC. | § § § | 3 03CV- 690 L |
| Defendants. | § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND REQUEST FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff John Snowman ("Snowman") files his Original Complaint and Request for Jury Trial against Defendant IMCO Recycling, Inc., to redress certain grievances arising under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301, *et seq.* For cause of action, Snowman would show this Court as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Snowman is a citizen and resident of Collin County, Texas.

2. IMCO is a corporation duly formed and existing under the laws of the State of Delaware and does business in the State of Texas in this judicial district. IMCO's corporate headquarters are located in Irving, Texas. IMCO may be served with process by service in this action by serving its registered agent for service of process, CT Corporation System, at 350 North St. Paul Street Dallas Texas 75201.

3.  This Court has jurisdiction over Snowman's claims pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b)(3). Venue in this district is proper under and 28 U.S.C. § 1391(b)(2) and 38 U.S.C. § 4323(c)(2) because IMCO maintains a place a business in Irving, Dallas County, Texas, where Snowman worked.

## II. FACTUAL BACKGROUND

4.  Snowman was hired by IMCO to work in its Irving, Texas office in December 1999 in the position of Corporate Manager of Transportation. In that position, Snowman had corporate responsibility for twenty-one (21) plants. As Corporate Manager of Transportation, Snowman reported directly to George Marshall ("Marshall"), who was Director of Logistics. In his position as Director of Logistics, Marshall reported to Jim Walburg ("Walburg"), who was Senior Vice President of Treasury and Administration. After Marshall left IMCO, Snowman reported directly to Walburg.

5.  In approximately May 2001, IMCO promoted Snowman by giving him additional responsibilities for purchasing; with that promotion, Snowman's position became Corporate Manager of Transportation and Purchasing. As Corporate Manager of Transportation and Purchasing, Snowman reported directly to Ed Hoag ("Hoag"), President of Aluminum Recycling Division.

6.  During Snowman's entire tenure with IMCO, he performed various jobs in an exemplary manner.

7.  Prior to the terrorist attacks that occurred on September 11, 2001, Snowman served as a Captain in the United States Air Force Reserves. On or about September 12, 2001, Snowman told Hoag that he would likely be activated for service in the very near future. During the same

conversation, Snowman asked Hoag whether it would be alright for him to work outside of the office at his base in Fort Worth. Hoag told Snowman that he would think about Snowman's request and give him a response to his inquiry shortly thereafter. Unfortunately, IMCO's response to Snowman's request was to terminate his employment on or about September 14, 2001.

8.  Reinstatement is not feasible.

### III. CAUSE OF ACTION – DISCRIMINATION/USERRA

9.  Snowman realleges and reincorporates the allegations contained in Paragraphs 1 through 8 as if fully contained herein.

10. IMCO's actions as described herein constitute unlawful discrimination on the basis of Snowman's military status in violation of 38 U.S.C. § 4311(a).

11. As a result of IMCO's actions, Snowman has suffered pecuniary losses, including but not limited to lost wages and other benefits associated with employment.

12. IMCO's actions in terminating Snowman were not made in good faith, and were knowingly made in violation of Snowman's rights under USERRA, thereby entitling him to liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C).

13. Snowman seeks attorneys' fees and costs of suit pursuant to 38 U.S.C. § 4323(h)(1) and (2).

WHEREFORE, Plaintiff John Snowman ("Snowman") requests that Defendant IMCO Recycling, Inc. ("IMCO") be cited to appear and answer, and that on final trial, Snowman be awarded the following:

    a. Actual and compensatory damages in a sum in excess of the minimum jurisdictional limits of the Court;

    b. Liquidated damages;

c. Pre-judgment interest as provided by law;

d. Post-judgment interest as provided by law;

e. Attorneys' fees pursuant to 38 U.S.C. § 4323(h)(2);

f. Costs of suit pursuant to 38 U.S.C. § 4323(h)(1); and

g. Such other and further relief to which Snowman may be justly entitled.

Respectfully submitted,

GILLESPIE, ROZEN, & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Telephone.:   (214) 720-2009
Telecopier:   (214) 720-2291

By *Sonja McGill*
David K. Watsky
State Bar No.20932600
Sonja J. McGill
State Bar No. 24007648

ATTORNEYS FOR PLAINTIFF JOHN SNOWMAN

Dated: *April 4, 2003*